Opinion op the Court,
by-Ch. J. Boyle.
THIS is a contest for land claimed by the parties under adverse titles derived from the commonwealth, and turns mainly the of the following entry:-
“March the 9th, 1787—John Preston enters 40,000 acres, on both sides of the Louisa fork of Sandy river, to begin on the south-west side thereof, adjoining and ah°ve the last mentioned entry, and to extend up and on both sides of said river, and along the foot of the ridges which are on each side thereof, and also some sma^ distance up and on each side of the different branches which empty into said river, and including the good land at the mouth of John’s creek, for quantity, to be laid off in one or more surveys, as may best suit the situation of the land.”
The entry referred to, was for 7,000 acres, made on same day, in the name of Preston, and calls to “lie 011 the south-west side of the Louisa fork of Sandy river, and on both sides of the mouth of Paintlick creek, an(j extending up the creek, and on both sides thereof, and along the foot of the ridges which are on each side, for quantity.”
Sandy river, the Louisa fork, Paintlick creek, and John’s creek, are all satisfactorily proved to have been known by those names respectively, at and prior to the date of these entries; and there could, we apprehend, have been no insuperable difficulty in ascertaining the beginning of the entry in question; but there would obviously have been a great difficulty to be encountered by a snbsequent locator, in attempting to fix the distance to which the entry extended up the river. The space between the ridges on each side and the banks of the river, is very narrow, and if the entry occupied that space only, there would have been no small difficulty in ascertaining its termination; but that is a difficulty which would not have arisen from the want or vagueness of description, but would have proceeded from the magnitude of the entry, which was not pro *193 hibited by law, and ought not, therefore, to be deemed insuperable. But the difficulty presenting the greatest objection to the entry, would have arisen from the call to extend “ some small distance up and on each side of the different branches which empty into said river.” It would have been impossible to ascertain the extent of the location on the river, without knowing howr far it would go up the branches putting in on each side of the river; and this, it is clear, would have been impossible to do, from the vagueness and indefinite character of this call. The court below seems to have got over this objection, by rejecting the call as insignificant; but we cannot see the principle upon which this can be correctly done. It is true, as observed by that court, that the smallest possible distance up the branches, would satisfy the call; but the call would not be more than satisfied, by extending much further than the smallest possible distance. A small distance is a comparative phrase, and used with reference to the extent of thirty or forty miles, which the entry, uninfluenced by this call, would have reached up the river, an extension even of some miles up the branches, might be considered as within the import of tlm phrase; and the call, therefore, though vague and indefinite, is not nonsensical or insignificant, and cannot, on that ground, be rejected.
The analogy supposed by the court below, between this case and those cases in which the call for about a given distance, was held not to be fatal, does not hold; for in those cases the entries were supported, not by rejecting the entire call, as is attempted to be done in this case, but by giving effect to so much of the call as was definite and certain. Nor are we aware of any case in which an entry has been sustained by rejecting an entire call, except where the call was inconsistent with, or merged and swallowed up by some other more express and definite call contained in the entry. The entry in question here, might, no doubt, be sustained, for land to some extent up the river from the beginning; for if it were surveyed by covering the whole space between the ridges, on the branches putting into the river above the beginning, it must still, from the size of the entry, extend up the river a considerable distance, and to that extent the location of the land on the river would be certain. But the land in controversy here, *194 lies between twenty and thirty miles from the begin-nine, and in the interval there are many branches putting into the river, some of which are streams of considerable size and length, and there is nothing in the record to enable us to say that if the entry was surveyed by running up those branches, and covering the space between the ridges on each side of them, it would extend up the river to the land in contest.
The decree of the circuit court, sustaining the entry, is therefore erroneous, and must be reversed with costs, and the cause be remanded, that the bill may be dismissed with costs.